IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VIRGIL SENIOR, #40597-039,

        Petitioner,

  vs.

                                        Case No. 16-cv-0567-DRH

M. BAIRD,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the U.S. Penitentiary at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. The petition was filed on May 23, 2016. The Eastern District of Michigan sentenced petitioner to 132 months of imprisonment on charges for conspiracy to possess with intent to distribute and to distribute controlled substances on July 31, 2008, following a guilty plea. The Judgment specified that it was to run concurrently with petitioner's state sentence. *See United States v. Senior*, Case No. 07-CR-20076 (E.D. Mich. 2008).

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2241 claiming that he has not been given credit for time spent in federal custody prior to his sentencing. Petitioner previously raised this claim in an action in the Eastern District of Michigan pursuant to § 2241 in *Senior v. United States of America*, No. 10-11794, (E.D. Mich.). The Hon. Robert Cleland ruled against

petitioner on the merits on May 6, 2010, and judgment was entered accordingly. *Senior*, 10-11794 (E.D. Mich. May 6, 2010).   Petitioner filed no appeal or otherwise challenged the judgment.  He now alleges that the ruling in Case No. 10-11794 was improper because he was housed in F.C.I. Beamount Low, in Beamount Texas at that time Judge Cleland entered his order, and thus Judge Cleland had no jurisdiction.   Petitioner also disagrees with Judge Cleland's conclusion that all of petitioner's time in custody prior to sentencing was properly credited to his state court sentence.   The petition is now before the Court for review under Rules 1(b) and 4 of the Rules Governing 2254 Cases in United States District Courts.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."   Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.   After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

## **Discussion**

Petitioner claims that the prior court to hear his claims erred because it did not actually have jurisdiction to hear his claim.  It appears from the documents that petitioner submitted that he originally filed his claim as a motion to clarify

his sentence on the criminal docket. (Doc. 1, p. 10). The court on its own initiative construed petitioner's pro-se motion as a habeas claim and ordered a new case opened. (Doc. 1, p. 6). It was therefore initially unclear what standard petitioner intended to proceed under; the respondent assumed that the case would proceed pursuant to § 2255, presumably because it had been filed in the court of conviction, and argued that petitioner missed the statute of limitations under that standard. (Doc. 1, p. 10). However, when the court analyzed the merits of the case, it proceeded under § 2241, despite the fact that the petitioner was no longer incarcerated in the district. (Doc. 1, p. 4). Petitioner now asserts that this was error. (Doc. 1, p. 4). He further reasserts the subject of his original petition, namely that he should be credited with time spent incarcerated prior to sentencing. Petitioner filed no motions to raise this error in the Eastern District of Michigan. He did not file an appeal of that decision.

> That statute governing finality of habeas decisions provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to the judgment of a court of the United States if it appears the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus

> 28 U.S.C. § 2244(a)

The question here is whether the petition, which alleges a prior error, is subject to § 2244. If it is, it is subject to dismissal.

Although petitioner is belatedly attacking the original court's jurisdiction over his case, he is also re-raising the arguments that court considered, namely,

that his time in custody prior to federal sentencing should be set off against his federal sentence.  The previous petition was resolved on the merits, and the judge specifically addressed the issue of presentencing set-off time.  While it is possible that the prior court's decision to apply § 2241 to the petition when petitioner was not incarcerated in the district was in error, the Court in *Bradley v. Lockett* held that a motion raising a procedural error is still subject to the successive challenge provisions.  549 F. App'x 545, 550 (7th Cir. 2013).  The nature of the claim being made determines whether a proceeding falls under § 2244.  If the claim presented "attacks the federal court's previous resolution *on the merits*," that is, "a determination that there exist or do not exist grounds for entitling a petitioner to habeas relief," then it is a habeas claim.  *Gonzales v. Crosby*, 545 U.S. 524, 532, 532 n. 4 (2005) (emphasis in original).  Here, petitioner is arguing that contrary to the findings of the prior court, he is entitled to habeas relief.  That brings his claim under § 2244.  That is, petitioner is not entitled to claim that his prior habeas proceeding is a complete nullity due to an error and thus bypass the rules governing finality.

Pursuant to § 2244(a), petitioner's successive § 2241 petition is barred because it is directed at the same issue as a prior habeas petition.  28 U.S.C. § 2244(a); *Schaefer v. Bezy*, 199 F. App'x. 548, 551 (7th Cir. 2006); *Valona v. United States*, 138 F.3d 693. 694-95 (explaining the relationship between the different habeas statutes and § 2244, and noting that successive petitions under § 2241 directed to the same issue concerning execution of a sentence are barred).

This district court therefore lacks jurisdiction over this petition and it must be

**DISMISSED**.

      **IT IS SO ORDERED.**

      **DATED: July 26, 2016**

Digitally signed by
Judge David R.
Herndon
Date: 2016.07.26
08:00:42 -05'00'

**United States District Judge**